IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

IAIN FLETCHER LIVINGSTONE,

    Petitioner,     Civil No. 05-569-CO

    v.     FINDINGS and RECOMMENDATION

UNITED STATES OD AMERICA,

    Respondent.

COONEY, Magistrate Judge.

Petitioner, pro se, filed a "Common Law Writ of Error Audita Querela" under the All Writs Act, 28 U.S.C. § 1651, attacking his criminal conviction based on the Supreme Court's "recent decision in United States v. Booker, 04-104; and United States v Fanfan, 04-105." Petitioner contends that he is "seeking to use the newly created right [found in Booker and Fanfan] that was not available before the judgment in question was rendered" to invalidate his sentence based on "alleged errors in the application of the Sentencing

1 - FINDINGS and RECOMMENDATION

Guidelines." Petition (#1) p.4-7. Petitioner does not challenge the validity of his conviction (guilty plea) and acknowledges that his claims in this proceeding are not cognizable under 28 U.S.C. § 2255. Id.

In United States v. Booker, 535 U.S. __, 125 S.Ct. 738 (2005), the Supreme Court held that "the sixth Amendment as construed in Blakely does apply to the [Federal] Sentencing Guidelines." Booker, 543 U.S. at __, 125 S.Ct. at 746. Booker was decided by two opinions of the court. In the first opinion, the Court reaffirmed the holding of Appreendi that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt," and the court extended that rule to the Federal Sentencing Guidelines. The second opinion, focused on the remedy. The Court held that 18 U.S.C. § 3553(b)(1), the provision of the Sentencing Reform Act of 1984 that made the guidelines mandatory, was incompatible with the Court's constitutional ruling; thus, the Court severed and excised § 3553(b)(1). Similarly, 18 U.S.C. § 3742(e), "the provision that set forth standards of review on appeal, including de novo review of departures from the applicable Guidelines range," was also severed and excised because it contained critical cross-references to the section that made the Guidelines mandatory. Booker, 543 U.S. at __, 125 S.Ct. at

764. The net result was to delete the mandatory nature of the Guidelines and transform them to advisory guidelines.

In the Booker decision itself, the Court did not mention collateral review and only expressly applied its holding to cases on direct appeal. "We must apply today's holdings - both the Sixth Amendment holding and our remedial interpretation of the Sentencing Act - to all cases on direct review." Booker 125 S.Ct. at 769. In no subsequent case has the Supreme Court addressed or decided whether Booker has a retroactive effect. See, Bey v. United States, 399 F.3rd 1266, 1269 (10th Cir. 2005). ("the Court decided Booker on direct appeal and did not expressly declare, nor has it since declared, that Booker should be applied retroactively to cases on collateral review." )

However, other courts have specifically addressed the issue. In In re Anthony Bola Opopade, 403 F.2d 159 (3rd Cir. 2005), the court held that the rule of United States v. Booker which extended the rule of Apprendi to Federal Sentencing Guidelines, was not retroactively applicable to a case on collateral review. See also, United States v. Siegelbaum, 359 F. Supp. 1104 (D. Or. 2005).

Petitioner's "Common Law Writ of Error Audita Querela" is not a direct appeal and can only be construed as a collateral attack. Therefore, the Booker rule that petitioner relies upon to challenge his sentence is not applicable to this proceeding. Petitioner has not alleged any other ground for

3 - FINDINGS and RECOMMENDATION

relief.

Accordingly, petitioner's "Common Law Writ of Error Audita Querela" fails to state a cognizable constitutional challenge to his conviction and is denied. It is not clear from the record before the court whether petitioner has previously sought relief under 28 U.S.C. § 2255. Therefore the court will not construe petitioner's allegations as a motion under § 2255. However, the denial of petitioner's Writ of Error Audita Querela is without prejudice to bring the claims alleged therein in a properly filed motion pursuant to 28 U.S.C. § 2255.[1]

Petitioner's "writ of Error Audita Querela" should be denied without prejudice. This proceeding should be dismissed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any factual

---

[1] Although, as noted above, petitioner apparently concedes that his claims are not cognizable under 28 U.S.C. § 2255.

4 - FINDINGS and RECOMMENDATION

determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

IT IS SO ORDERED

DATED this ____ day of June, 2005.

                                                                                S/
                                                John P. Cooney
                                                United States Magistrate Judge